94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oucho SAELEE, Defendant-Appellant.
 No. 95-36157.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1996.*
Decided Aug. 9, 1996.
 
 Before: WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oucho Saelee appeals the district court's denial of his motion to vacate sentence pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 We review the district court's denial of Saelee's § 2255 motion de novo. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993).
 
 
 4
 * Saelee argues that the forfeiture of his vehicle pursuant to 18 U.S.C. § 981 and the imposition of his sentence subjected him to double punishment in violation of the Double Jeopardy Clause. The Supreme Court recently held that in rem civil forfeitures pursuant to 18 U.S.C. § 981(a)(1)(A) do not constitute "punishment" for the purposes of the Double Jeopardy Clause. United States v. Ursery, 116 S.Ct. 2134 (1996). This decision forecloses Saelee's double jeopardy challenge.
 
 II
 
 5
 Saelee contends that in his direct appeal his counsel rendered ineffective assistance by failing to sustain a challenge to the sufficiency of the evidence supporting Saelee's convictions for conspiracy to distribute opium (Count 3) and possession of opium with intent to distribute (Count 4). Counsel argued in the opening brief on direct appeal that there was not sufficient evidence supporting Saelee's conviction for importation of opium (Count 2). When the Government's responsive brief cited authority undermining this argument, Saelee's reply brief attacked as insufficient the evidence on Counts 3 and 4. We declined to consider this argument because it was raised for the first time in the reply brief. United States v. Saelee, No. 93-30051, 1994 WL 8716, ** 8 n. 1 (9th Cir.1994).
 
 
 6
 A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo. Harris v. Wood, 64 F.3d 1432, 1435 (9th Cir.1995) (citation omitted). Saelee must demonstrate not only that counsel's performance was "outside the wide range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984), but also a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Clabourne v. Lewis, 64 F.3d 1373, 1378 (9th Cir.1995) (quoting Strickland v. Washington, 466 U.S. at 694)).
 
 
 7
 We reject claims of insufficiency unless the evidence is such that no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Because we find the evidence sufficient, we do not reach the question whether appellate counsel's failure to raise in the opening brief a challenge to the sufficiency of evidence as to Counts 3 and 4 constituted ineffective assistance of counsel. Williams v. Calderon, 52 F.3d 1465, 1470 (9th Cir.1995) (not reaching cause because petitioner had not shown prejudice), cert. denied, 116 S.Ct. 937 (1996).
 
 
 8
 Then-Sing Saelee testified that there was an agreement between herself, Oucho Saelee and others to import and distribute the 16 kilos of opium. After the opium arrived, Oucho Saelee attempted to pick it up and pay for it. The amount of opium, 16 kilos, is sufficient to raise an inference that the opium was not intended for personal consumption. United States v. Innie, 7 F.3d 840, 844 (9th Cir.1993), cert. denied, 114 S.Ct. 1567 (1994).
 
 
 9
 The authority cited by Saelee is inapposite. In United States v. MacDougall, 790 F.2d 1135, 1152 (4th Cir.1986), the court reversed a conviction for conspiracy to distribute marijuana where the defendant had served on the crew of a vessel importing marijuana. The court held that while the defendant was guilty of importation, his possession of 584 grams of marijuana was insufficient to raise an inference of intent to distribute. 790 F.2d at 1152. Here, Oucho Saelee was an intended recipient of a large quantity of opium, not merely a crew member assisting in the importation of narcotics and retaining a small amount for himself. The evidence supported the jury's conclusion that Oucho Saelee intended to and conspired to distribute the 16 kilos of opium.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision on the briefs and record, without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3